FILED
JUL 17 2017

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BACKYARD SPECIALTY FOODS,<br><br>　　　　Defendants. | 4:17-CV-04074-LLP<br><br>ORDER DISMISSING<br>CASE WITHOUT PREJUDICE |

Plaintiff, Courtney Richmond, filed a pro se lawsuit alleging that defendant, Backyard Specialty Foods, breached the contract between the two. Docket 1. Richmond also moves for leave to proceed in forma pauperis, Docket 4, and moves the court to appoint him counsel. Docket 3.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). The Court finds that Richmond satisfies § 1915, and grants his motion for leave to proceed in forma pauperis.

The Court finds that it lacks subject matter jurisdiction over the claims in Richmond's complaint. "Federal courts are courts of limited jurisdiction[,]" adjudicating only those suits arising under the Constitution and laws of the United States or suits between citizens of different states. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). A District Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)).

Richmond's complaint does not raise a federal question. He raises only a claim that defendant breached the contract between the two, a claim that does not arise under federal law. "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Richmond does not explain in his complaint how his claim arises under federal law. Therefore, the Court does not have jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

Richmond's complaint does not allege diversity. Under 28 U.S.C. § 1332(a), "Diversity jurisdiction "requires an amount in controversy greater

than $75,000 and complete diversity of citizenship of the litigants." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). " 'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' " *Id.* (quoting *OnePoint*, 486 F.3d at 346). Richmond's complaint gives both his address and defendants, and both are in South Dakota. Docket 1 at 1, 2. Therefore, the Court does not have jurisdiction over the complaint pursuant to 28 U.S.C. § 1332(a).

Accordingly, it is ORDERED

1. Richmond's motion for leave to proceed in forma pauperis (Docket 4) is granted.
2. Richmond's complaint is dismissed without prejudice for lack of subject matter jurisdiction.
3. Richmond's motion to appoint counsel (Docket 3) is denied as moot.

Dated July 17, 2017.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By *[signature]*, Deputy

3